**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TOMA YORVONNO BATES, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:03-CR-0224-SCJ-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-0467-SCJ-JFK |

**<u>MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION</u>**

Movant, Toma Yorvonno Bates, seeks to challenge via 28 U.S.C. § 2255 his sentence entered in this District under the above criminal docket number. The matter is before the Court for preliminary review of Movant's motion for leave to file a § 2255 motion, (Doc. No. 15), and § 2255 motion, (Doc. No. 16). Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be

dismissed as untimely and that his motion for leave to file a § 2255 motion be denied as moot.[1]

## I. Discussion

In June 2003, Movant pleaded guilty to bank robbery. (Doc. No. 11). The Court sentenced Movant to 162 months of imprisonment and, on September 8, 2003, entered the criminal judgment against Movant. (Doc. No. 13). Movant did not seek direct review.

Movant filed his § 2255 motion on February 13, 2013.[2] (Doc. No. 16). In his motion for leave to file a § 2255 motion, Movant asserts that his motion is timely because he is entitled to equitable tolling on the grounds that he recently discovered new evidence through due diligence. (Doc. No. 15 at 3). A review of Movant's

---

[1]The opportunity to object to this recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. See Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("hold[ing] that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition[,]" but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").

[2]Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

2

§ 2255 motion and motion for leave to file shows that the "new evidence" on which he relies are two cases: <u>Bond v. United States</u>, _ U.S. _, 131 S. Ct. 2355, 2366-67 (2011) (decided June 16, 2011) (holding that the movant had standing to raise challenge to federal statute on the grounds that it interfered with the powers reserved to the States under the Tenth Amendment); <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (decided Aug. 17, 2011) (reviewing propriety of using North Carolina conviction to enhance federal sentence). (<u>See</u> Doc. No. 15; Doc. No. 16 at 5-9). Movant asserts that the Court was without jurisdiction over his federal criminal case because the federal statute under which he was charged usurped State authority in violation of the Constitution. (<u>See</u> Doc. No. 16, Mem. at 1-4).

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.) (quoting Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011). In addition, actual innocence may provide an "exceedingly narrow" exception to AEDPA's time limitations. Id. at 1268 (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)) (internal quotation marks omitted); see also Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) ("[T]he alleged [actual innocence] exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' . . . and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)), cert. denied, _ U.S. _, 133 S. Ct. 351 (2012).

Movant's federal conviction became final on Monday, September 22, 2003, ten business days after the September 8, 2003, entry of judgment against Movant. See

Fed. R. App. P. 4(b)(1)(A), 26(a)(2) (2003). Under § 2255(f)(1), Movant's § 2255 motion was due by September 22, 2004.[3]

Section 2255(f)(3) is unhelpful because Simmons, 649 F.3d 237, is not a decision by the United States Supreme Court and, to the extent Bond, 131 S. Ct. 2355, recognized a new and retroactive right, that case was decided on June 16, 2011, and Petitioner did not file his § 2255 motion until February 13, 2013, more than a year later. Section 2255(f)(4) is inapplicable because a court ruling in a case unrelated to the movant's case cannot qualify as a newly discoverable fact. See Sanchez v. United States, 318 F. App'x 801, 804 n.6 (11th Cir. 2009) (rejecting argument that § 2255 claim was timely under § 2255(f)(4) based on issuance of new Supreme Court decision); E.J.R.E. v. United States, 453 F.3d 1094, 1097-98 (8th Cir. 2006) (finding that appellate decision does not qualify as a newly discoverable fact for purposes of the federal limitations period). Because this action is untimely, it must be dismissed.

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to

---

[3]There is no indication that § 2255(f)(2), equitable tolling, or the actual innocence exception applies.

the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this

recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, (Doc. No. 16), be **DISMISSED** as untimely, that Movant's motion for leave to file a § 2255 motion, (Doc. No. 15), be **DENIED** as moot, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 22nd day of February, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE