# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TOMA YORVONNO BATES, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:03-CR-0224-SCJ-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-0467-SCJ-JFK |

## ORDER

Movant, Toma Yorvonno Bates, has challenged via 28 U.S.C. § 2255 his sentence entered in this District under the above criminal docket number. The matter is before the Court on Movant's motion to file a § 2255 motion, (Doc. 15), Movant's § 2255 motion, (Doc. 16), the Magistrate Judge's Final Report and Recommendation that recommends dismissing the § 2255 motion as untimely and denying as moot the motion to file a § 2255 motion, (Doc. 17), Movant's motion for an extension of time to reply/object, (Doc. 19), Movant's motion to dismiss, (Doc. 20), Movant's objections, (Doc. 21), and Movant's motion for relief from judgment, (Doc. 23).

## I.     Standard

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). See Thomas v. Arn, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)(C)] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

## II. Discussion

In June 2003, Movant pleaded guilty to bank robbery. (Doc. 11.) The Court sentenced Movant to 162 months of imprisonment and, on September 8, 2003, entered the criminal judgment against Movant. (Doc. 13.) Movant did not seek direct review.

Movant filed his § 2255 motion on February 13, 2013.[1] (Doc. 16.) As summarized by the Magistrate Judge,

> In his motion for leave to file a § 2255 motion, Movant asserts that his motion is timely because he is entitled to equitable tolling on the grounds that he recently discovered new evidence through due diligence. (Doc. No. 15 at 3). A review of Movant's § 2255 motion and motion for leave to file shows that the "new evidence" on which he relies are two cases: Bond v. United States, _ U.S. _, 131 S. Ct. 2355, 2366-67 (2011) (decided June 16, 2011) (holding that the movant had standing to raise challenge to federal statute on the grounds that it interfered with the powers reserved to the States under the Tenth Amendment); United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (decided Aug. 17, 2011) (reviewing propriety of using North Carolina conviction to enhance federal sentence). (See Doc. No. 15; Doc. No. 16 at 5-9). Movant asserts that the Court was without jurisdiction over his federal criminal case because the federal statute under which he was charged usurped State authority in violation of the Constitution. (See Doc. No. 16, Mem. at 1-4).

(Doc. 17 at 2-3.) The Magistrate Judge has recommended that Movant's federal conviction became final on September 22, 2003, that his § 2255 motion was due by September 22, 2004, and that his February 2013 § 2255 motion is untimely. (Doc. 17 at 4-5.) The Magistrate Judge found as follows:

---

[1] Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

3

>Section 2255(f)(3) is unhelpful because <u>Simmons</u>, 649 F.3d 237, is not a decision by the United States Supreme Court and, to the extent <u>Bond</u>, 131 S. Ct. 2355, recognized a new and retroactive right, that case was decided on June 16, 2011, and Petitioner did not file his § 2255 motion until February 13, 2013, more than a year later. Section 2255(f)(4) is inapplicable because a court ruling in a case unrelated to the movant's case cannot qualify as a newly discoverable fact. See <u>Sanchez v. United States</u>, 318 F. App'x 801, 804 n.6 (11th Cir. 2009) (rejecting argument that § 2255 claim was timely under § 2255(f)(4) based on issuance of new Supreme Court decision); <u>E.J.R.E. v. United States</u>, 453 F.3d 1094, 1097-98 (8th Cir. 2006) (finding that appellate decision does not qualify as a newly discoverable fact for purposes of the federal limitations period).

(Doc. 17 at 5.) The Magistrate Judge found that equitable tolling and the actual innocence exception did not apply and recommended that the § 2255 motion be dismissed as untimely, that Movant's motion for leave to file a § 2255 motion, (Doc. 15), be denied as moot, and that a certificate of appealability ("COA") be denied. (<u>Id.</u> at 5-7.)

Movant seeks an extension of time in which to object, which motion shall be granted for good cause. (<u>See</u> Doc. 19.) In his objections, Movant states that he objects to the Magistrate Judge's findings, (Doc. 21 at 1, 4), and repeats his prior arguments, but articulates no specific argument as to why the Magistrate Judge's findings and recommendation were incorrect, (<u>id.</u> at 1-4). Based on the general nature of Movant's

4

objections, the Court reviews the Magistrate Judge's Recommendation for clear error and, finding none, Movant's objections shall be overruled.

In support of his § 2255 motion, Movant has filed a motion to dismiss in which he moves to have the criminal charges against him dropped based on lack of subject matter jurisdiction – which he asserts he can raise at any time. (Doc. 20.) Movant's jurisdictional claim is subject to the one-year limitations period, and his motion to dismiss shall be denied. See Williams v. United States, 383 F. App'x 927, 929-30 (11th Cir. 2010) (holding that jurisdictional claim was subject to one-year limitations period under 28 U.S.C. §2255(f)).

Movant also has filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). (Doc. 23.) Relief from judgment entered in Movant's § 2255 proceedings is not available because no judgment has yet been entered in Movant's § 2255 proceedings. To the extent Movant seeks relief from judgment in his criminal proceedings, Rule 60(b) is unavailable. See United States v. George, 188 F. App'x 926, 927 (11th Cir. 2006) ("Fed.R.Civ.P. 60(b) . . . does not provide for relief from a judgment in a criminal case.") Accordingly, Movant's motion for relief shall be denied.

5

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's objections, (Doc. 21), to the Magistrate Judge's Final Report and Recommendation are **OVERRULED**; that the Magistrate Judge's Final Report and Recommendation, (Doc. 17), is **ADOPTED** as the Order of this Court; that Movant's § 2255 motion, (Doc. 16) is **DENIED** and **DISMISSED** as untimely; that Movant's motion for leave to file a § 2255 motion, (Doc. 15), is **DENIED** as moot; and that a COA is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion for an extension of time to reply/object, (Doc. 19), is **GRANTED** *nunc pro tunc*, and that Movant's motion to dismiss, (Doc. 20), and motion for relief from judgment, (Doc. 23), are **DENIED**.

**IT IS SO ORDERED** this 2nd day of April, 2013.

                                              s/Steve C. Jones
                                              STEVE C. JONES
                                              UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)